**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JIMMY WAYNE MAHAN, JR.,

Defendant-Appellant.

No. 05-1518
(D.C. No. 05-cr-104-WYD)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **SEYMOUR**, and **ROBINSON**, Circuit Judges.

Jimmy Wayne Mahan Jr. pled guilty to possession of a firearm by a

prohibited person in violation of 18 U.S.C. 922(g)(1) and was sentenced to 77

months imprisonment. On appeal, he challenges the reasonableness of his

sentence. Because we conclude his sentence was procedurally unreasonable,

we vacate it and remand for re-sentencing.

On October 16, 2004, the police were informed that a man, later

identified as Mr. Mahan, possessed a gun in the parking lot of a fast food

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

restaurant. On arrival, the police discovered Mr. Mahan in possession of an unloaded shotgun with a barrel length of less than 16 inches and an obliterated serial number. He asserted that immediately prior to his arrest, three men severely beat him in the same parking lot. He claimed that following the beating, he drove home, retrieved the unloaded shotgun, and quickly returned to the parking lot with the weapon. He was then seen in the parking lot with the shotgun. The police arrested Mr. Mahan.

Mr. Mahan pled guilty to being a felon in possession of a firearm. Prior to sentencing, the United States Probation Office developed an individualized presentence report (PSR). The PSR assigned a base offense level of 22, added 2 additional levels for the involvement of a sawed off shotgun, and applied a reduction of 3 levels for acceptance of responsibility for a total offense level of 21. Combining this base level with his criminal history category of VI, the PSR generated a corresponding guidelines sentencing range of 77 to 96 months.

At sentencing Mr. Mahan sought a below guidelines sentence. Specifically, he attempted to convince the court to impose such a sentence in light of the factors set forth in 18 U.S.C. § 3553(a). He noted his history of mental health issues, including bipolar disorder and "schizophrenic diagnoses," rec., vol. III at 8, and his inability to afford appropriate medication at the time of the incident. *See* U.S.C. § 3553(a)(1) ("the court . . . shall

consider . . . the history and characteristics of the defendant."). In an effort to favorably characterize "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), his counsel described how he had retrieved an unloaded gun to protect his wife following a violent beating.[1] As to Mr. Mahan's discussion of his mental health issues, the district court remarked that none of the mental health "factors take this case outside of the heartland of cases." Rec., vol. III at 21. In response to Mr. Mahan's discussion of the facts surrounding his crime, the district court stated that "this offense, in many respects, is a strict-liability offense . . . the reasons why [Mr. Mahan] had the weapon . . . aren't something the Court can consider" in determining his sentence. Rec., vol. III at 18. The court described such concerns as "extraneous factors," and noted the "law as a matter of policy has said that . . . irrespective of the reasons why the weapon was obtained, [individuals with felony convictions] need to know that [they] just can't have a weapon." *Id.*

The district court concluded that "the sentencing factors under . . . 18 U.S.C. § 3553(a) require me to look at the sentencing factors in the statute as well as the advisory Guidelines range. And the Court finds that the sentence

---

[1]*See* Rec., vol III at 9 (He was not "carrying it so he can commit another crime. Not carrying it in conjunction with some kind of drug-associated offense . . . basically . . . [h]e gets pounded, wants to make sure that it stops, and then . . . comes back to the scene with . . . this gun.")

within the advisory Guideline range is a reasonable sentence . . . ."[2] *Id.* at 21.
The court sentenced Mr. Mahan to 77 months imprisonment, a term at the
bottom of the recommended guidelines range.

Mr. Mahan contends the district court failed to appropriately apply the §
3553(a) factors by refusing to consider the circumstances of his crime and his
history of mental illness, and by using the appellate "reasonableness" standard
to evaluate the appropriateness of his guidelines sentence. Because we agree
with Mr. Mahan's first proposition, we need not consider the second.

Following *United States v. Booker*, 543 U.S. 220 (2005), we evaluate
sentences imposed by the district court for reasonableness. *United States v.
Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). "To determine whether a
sentence is reasonable, we consider both procedural and substantive aspects of
the district court's decision." *United States v. Mateo*, 471 F.3d 1162, 1166
(10th Cir. 2006). To satisfy *Booker*'s procedural requirements, "the sentencing
factors set forth in 18 U.S.C. § 3553(a) must be considered by the district
court itself when imposing a sentence." *United States v. Sanchez-Juarez*, 446
F.3d 1109, 1115 (10th Cir. 2006). Specifically, "where a defendant has raised
a nonfrivolous argument that the § 3553(a) factors warrant a below-

---

[2]The district court left no doubt that it considered the guidelines as
advisory. *See* Rec., vol. III at 21 ("The Court, while not bound to apply the
Guidelines, has consulted the advisory Guidelines and taken them into account,
along with the sentencing factors found at 18 U.S.C. 3553(a).").

Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge . . . considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors." *Id.* at 1117 (quotation marks and brackets omitted). We note that a presumption of reasonableness applies only to claims of substantive reasonableness; we do not apply this presumption when evaluating procedural reasonableness. *See United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007) (presumption not applied where "revers[ing] on procedural reasonbleness" alone); *United States v. McCullough*, 457 F.3d 1150, 1171 (10th Cir. 2006) (describing *Kristl* presumption as "that presumption of *substantive* reasonableness") (emphasis added); *United States v. Galarza-Payan*, 441 F.3d 885, 888-89 (10th Cir. 2006) (applying presumption to substantive but not procedural reasonableness analysis).

District courts must consider the 18 U.S.C. § 3553(a) factors in applying a sentence that is "sufficient, but not greater than necessary" to fulfill the aims of those factors. *Id.* Among other factors, § 3553(a)(1) requires the court to consider "the nature and circumstances of the offense" when developing an appropriate sentence. Following Mr. Mahan's description of how and why he came to possess the gun, the district court said "the reasons why you had the weapon . . . aren't something the Court can consider," because possession of a firearm by a felon is a strict liability offense. Rec., vol. III at 18. The district

court further labeled as "extraneous factors" Mr. Mahan's reasons for possessing the gun and acknowledged such information would have no bearing on its determination of Mr. Mahan's sentence.

The district court was correct that *mens rea* is not relevant in determining if an individual is *guilty* of a strict liability crime. However, in determining the *appropriate sentence* for one guilty of such a crime, the court must consider the factors set forth in § 3553(a), including the nature and circumstances of the offense. We find nothing in § 3553(a) to suggest that the "circumstances of the offense" factor exclusively applies to crimes requiring a *mens rea* or that this factor is to be specially excluded when arriving at a sentence for a strict liability crime. In fact, we have previously stated that the district court is required to consider all § 3553(a) factors when sentencing an individual for the same strict liability crime presented in this case. *See United States v. Mateo*, 471 F.3d 1162, 1163 (10th Cir. 2006).

As a result, the question is simply whether the information the district court refused to consider was in fact a "circumstance" of the crime as defined by § 3553(a). At sentencing, Mr. Mahan's counsel explained the events leading up to Mr. Mahan's unlawful possession, including being the target of an alleged assault leading him to retrieve an unloaded weapon that could have been used as a "club" for the protection of himself and his wife. *See* Rec., vol III at 9-10. The court appeared to disregard all of these facts in determining

Mr. Mahan's sentence, notwithstanding they were surely circumstances of the crime. *See* Webster's Third New International Dictionary 410 (1981) (defining circumstance as "a specific part, phase or attribute of the surroundings or background of an event"). The court's broad invocation of § 3553(a), *see* rec., vol. III at 21 ("The Court . . . has consulted and . . . taken . . . into account . . . the sentencing factors found at 18 U.S.C. 3553(a)."), cannot displace its earlier unequivocal statement that it would not consider the background facts of Mr. Mahan's crime.

As we noted in *Sanchez-Juarez*, 446 F.3d at 1117, "our appellate role encompasses a limited inquiry into whether the district court did in fact exercise its discretion based on the 3553(a) factors . . . ." Having performed this limited inquiry, we conclude the district court failed to consider the "circumstances" of the crime, and thus did not exercise its post-*Booker* discretion in accordance with all of the § 3553(a) factors. 18 U.S.C. § 3553(a)(1). Accordingly, we **VACATE** Mr. Mahan's sentence and **REMAND** to the district court for re-sentencing.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge